**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **ELIGA GLENN and BERLIE HI EAGLE GLENN,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 1:26-cv-1165-STA-jay** |
| **GENERAL INSURANCE COMPANY OF AMERICA,** | ) | |
| **Defendant.** | ) | |

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**
**ORDER ON APPELLATE ISSUES**

---

On October 9, 2026, the United States Magistrate Judge issued a report and recommendation (ECF No. 23) that the Court grant Defendant General Insurance Company of America's Motion to Dismiss (ECF No. 9) and deny Plaintiffs Eliga Glenn and Berlie Hi Eagle Glenn's Motion to Remand and Motion for Judicial Notice.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended dispositive rulings on the parties' Motions pursuant to 28 U.S.C. § 636(b)(1)(B).

While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151. The parties had 14 days from the service of the Magistrate Judge's report in which to file objections. To date, no party has objected, and the time to do so has expired.

The parties having raised no objection to the report and recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. The Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiffs' Motions. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiffs to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, the Pro Se Complaint's failure to state a claim and Plaintiffs' failure to make a timely objection to the Magistrate Judge's recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiffs would not be taken in good faith and Plaintiffs may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiffs in this case. If Plaintiffs file a notice of appeal, they must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiffs become liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiffs fail to comply with the above assessment of the appellate filing fee within thirty (30) days[1] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 3, 2026

[1] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.